UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL ROBERT STEWART,

    Plaintiff,

  v.

BERNARD WARNER, DON HOLBROOK, V. HOLENVINSKI, R. SHERMAN, B. BRAID,

    Defendants.

CASE NO. C15-5243 RBL-KLS

ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

Plaintiff Michael Robert Stewart moves for the appointment of counsel. Dkt. 22. Having carefully reviewed the motion and balance of the record, the Court finds that the motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

ORDER DENYING PLAINTIFF'S MOTION
FOR THE APPOINTMENT OF COUNSEL - 1

*grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Mr. Stewart requests the appointment of counsel because he cannot afford to hire counsel, he is proceeding *in forma pauperis,* he has limited knowledge of the law and limited access to a law library, the issues are complex, and counsel will be better able to present evidence and cross examine witnesses.  Dkt. 22.  Mr. Stewart alleges that Defendants failed to provide him with necessary medical care for a neurological condition.  This case does not involve complex facts or law and Mr. Stewart has shown an ability to articulate his claims in a clear fashion understandable to the Court.  In addition, Mr. Stewart does not show that he is likely to succeed on the merits of his case.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion for counsel (Dkt. 21) is **DENIED.**

(2) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

Dated this 20th day of October, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR THE APPOINTMENT OF COUNSEL - 2